Patterson, J.,
dissents and votes to reverse the judgment of conviction and remand the matter for a new trial in the following memorandum: In my opinion, the court should have allowed defendant to establish the facts surrounding his divorce and custody proceedings. The failure to allow said testimony deprived the jury of evidence from which it could determine whether or not the children were coached and/or coerced by defendant’s former wife to testify that they were posed by defendant prior to his taking the subject photographs. Said failure was highly prejudicial and may have unfairly influenced the jury’s determination. In the same vein, defendant should have been permitted to develop the facts surrounding the children’s viewing of a certain movie at their mother’s home *589 and the influence said movie had on their behavior. Had said testimony been presented to the jury, it may well have determined that the photographs did not, under the totality of the circumstances, constitute a “lewd exhibition of the genitals” (cf. People v Pinkoski, 300 AD2d 834 [2002]).
Pesce, P.J., and Golia, J., concur; Patterson, J., dissents in a separate memorandum.